1  COMAR LAW
     D. Inder Comar (SBN 243732)
2         inder@comarlaw.com
   901 Mission Street, Suite 105
3  San Francisco, CA 94103
   Telephone: +1.415.640.5856
4  Facsimile: +1.415.513.0445

5  *Attorney for Plaintiffs*
   BIZCLOUD, INC. and ZIPBUSINESS
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 BIZCLOUD, INC., and                 CASE NO.

12 ZIPBUSINESS,                        **COMPLAINT FOR**

13                      Plaintiffs,    **(1) TRADEMARK INFRINGEMENT,**

14        vs.                          **(2) UNFAIR COMPETITION,**

15 COMPUTER SCIENCES                   **(3) UNFAIR BUSINESS PRACTICES,**
   CORPORATION, AT&T INC.,
16 CISCO SYSTEMS, INC.,                **(4) INJURY TO BUSINESS**
   VMWARE, INC., EMC                   **    REPUTATION, AND**
17 CORPORATION, and DOES 1-25,
                                       **(5) UNJUST ENRICHMENT**
18                      Defendants.
                                       **TRIAL BY JURY DEMANDED**
19

20

21

22

23

24

25

26

27

28

COMAR LAW

1     Plaintiffs BIZCLOUD, INC. ("BizCloud") and ZIPBUSINESS, by

2  counsel, complains of defendants COMPUTER SCIENCES CORPORATION

3  ("CSC"), AT&T INC. ("AT&T"), CISCO SYSTEMS, INC. ("CISCO"),

4  VMWARE, INC. ("VMWARE"), and EMC CORPORATION ("EMC") as

5  follows:

6                **NATURE OF THIS ACTION**

7     1.     This is a suit for trademark infringement and unfair competition

8  arising under §§ 32 and 43 the Lanham Act (Title 15 of the United States Code),

9  unfair business practices arising under California Business and Professions Code §

10  1720 et seq., for common law injury to business reputation, and unjust enrichment.

11                    **PARTIES**

12     2.     Plaintiff BizCloud is a corporation organized and existing under

13  the laws of the State of Wyoming and has its principal place of business in

14  California. BizCloud is the exclusive license holder of the registered trademark,

15  "BIZCLOUD." A true and correct copy of the registration entry with the United

16  States Patent and Trademark Office website (showing registration number

17  3910486) is attached hereto as Exhibit A.

18     3.     Plaintiff ZipBusiness is a corporation organized and existing

19  under the laws of the State of California and has its principal place of business in

20  California. ZipBusiness is a wholly owned subsidiary of BizCloud.

21     4.     On information and belief, defendant CSC is a corporation

22  organized and existing under the laws of the State of Delaware, with its principal

23  place of business in Virginia.

24     5.     On information and belief, defendant AT&T is a corporation

25  organized and existing under the laws of the State of Delaware with a principal

26  place of business in Dallas, Texas.

27     6.     On information and belief, defendant CISCO is a corporation

28  organized and existing under the laws of the State of California with a principal

1  place of business in San Jose, California.

2  7.  On information and belief, defendant VMWARE is a

3  corporation organized and existing under the laws of the State of Delaware with a

4  principal place of business in Palo Alto, California.

5  8.  On information and belief, defendant EMC is a corporation

6  organized and existing under the laws of the State of Massachusetts with a

7  principal place of business in Hopkinton, Massachusetts.

8  9.  Defendant DOES One through Twenty-Five, inclusive, are

9  other defendants who have infringed or are currently infringing upon the mark

10  "BIZCLOUD," and may include other companies or individuals. Plaintiff will fully

11  name these Doe defendants following discovery into their complete identities.

12  Does One through Twenty-Five, inclusive, are sued for both damages and

13  injunctive relief.

14  **JURISDICTION AND VENUE**

15  10.  This Court has jurisdiction over this action pursuant to 28

16  U.S.C. §§ 1331 and 1338, 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. § 1367.

17  11.  This Court has personal jurisdiction over CSC because

18  defendant CSC is transacting business within the State of California and this

19  judicial district; and has committed the tort of trademark infringement in this

20  judicial district, in violation of 15 U.S.C. § 1125, through its use of the

21  "BIZCLOUD" mark, as described in this Complaint.

22  12.  This Court has personal jurisdiction over AT&T, CISCO,

23  VMWARE and EMC because defendants AT&T, CISCO, VMWARE and EMC

24  are transacting business within the State of California and this judicial district; and

25  have committed the tort of trademark infringement in this judicial district, in

26  violation of 15 U.S.C. § 1125 through their trademark infringement related to their

27  use of the "BIZCLOUD" mark, as described in this Complaint.

28  13.  Venue is proper in this judicial district under 28 U.S.C. §§

1 | 1391(b) and (c) because CSC, AT&T, CISCO, VMWARE and EMC transact

2 | business within this district and offer for sale in this district products and services

3 | that infringe BizCloud's registered trademark, "BIZCLOUD". In addition, venue is

4 | proper because BizCloud's principal place of business is in this district and

5 | BizCloud suffered harm in this district. Moreover, a substantial part of the events

6 | giving rise to the claim occurred in this district. Venue is also proper as CSC,

7 | AT&T, CISCO, VMWARE and EMC reside in this district for purposes of 28

8 | U.S.C. § 1391(b) and (c).

9 | **INTRADISTRICT ASSIGNMENT**

10 | 14.     This is an Intellectual Property Action to be assigned on a

11 | district-wide basis pursuant to Civil Local Rule 3-2(c).

12 | **FACTUAL ALLEGATIONS**

13 | 15.     BizCloud is a provider of a variety of internet marketing and

14 | data services, including cloud computing services. BizCloud first began using its

15 | mark "BIZCLOUD" in 2008. BizCloud began using its mark "BIZCLOUD" for

16 | purposes of cloud computing as early as 2009. As part of its first foray into the

17 | cloud computing space, in February of 2009 BizCloud developed software on

18 | behalf of nonprofit organizations and partnered with a search and business

19 | intelligence company in joint software development and cloud based software

20 | deployments.

21 | 16.     Attached hereto as Exhibit B is a true and correct copy of a

22 | press release issued by BizCloud on the "PRWEB" service, showing use of the

23 | "BIZCLOUD" mark for cloud computing services on February 16, 2010.

24 | 17.     Since 2009, BizCloud has continuously used the mark

25 | "BIZCLOUD" for, among other things, cloud computing services.

26 | 18.     "BIZCLOUD" is a registered trademark held by BizCloud.

27 | Registration of the mark "BIZCLOUD" on the principal register constitutes

28 | "constructive notice of the registrant's claim of ownership thereof." 15 U.S.C. §

3

1502.

## FEBRUARY 3, 2011 NOTICE OF INFRINGEMENT TO CSC

19.     On February 3, 2011, CSC began using the mark "BIZCLOUD". Attached hereto as Exhibit C is a true and correct copy of a press release issued by CSC announcing the launch of its "BizCloud" product (available at www.csc.com/newsroom/press_releases/59725-csc_launches_csc_bizcloud_the_industry_s_first_on_premise_private_cloud_billed_as_a_service), incorporated by reference into this Complaint.

20.     On February 3, 2011, BizCloud issued a letter to CSC, requesting that CSC cease and desist from its infringement of the "BIZCLOUD" mark. Attached hereto as Exhibit D is a true and correct copy of the letter issued to CSC from BizCloud informing CSC of infringement of the "BIZCLOUD" mark, as well as CSC's response to this letter on February 18, 2011, confirming it received BizCloud's letter and was on notice of infringement.

21.     Despite being on notice of infringement, CSC has continued to use the "BIZCLOUD" mark without the permission of BizCloud.

22.     As of November 2013, CSC continues to use the mark "BIZCLOUD" in promoting its "Private Cloud" service. See Exhibit E, a true and correct copy of a PDF product sheet explaining the CSC "BizCloud" "Private Cloud" service, available at www.csc.com/cloud/offerings/53410/59294-csc_bizcloud, and Exhibit F, a true and correct printable screen of www.csc.com/cloud/offerings/53410/59294-csc_bizcloud, both incorporated herein to this Complaint.

23.     As of November 2013, CSC continues to use the mark "BIZCLOUD" in promoting its "BizCloud VPE" service. See Exhibit G, a true and correct copy of a PDF product sheet explaining the "BizCloud VPE" service, available at www.csc.com/cloud/offerings/53410/93094-csc_bizcloud_vpe, and Exhibit H, a true and correct printable screen of

4

1  www.csc.com/cloud/offerings/53410/93094-csc_bizcloud_vpe, both incorporated

2  herein to this Complaint.

3      24.    As of November 2013, CSC continues to use the mark

4  "BIZCLOUD" in promoting its "BizCloud for Government" service. See Exhibit I,

5  a PDF available at

6  http://assets1.csc.com/public_sector/downloads/BizCloud_for_Government_Soluti

7  on_Sheet_Lo_Res.pdf; see also Exhibit J, a true and correct copy of a screenshot of

8  the website http://www.csc.com/public_sector/ds/88425/88433-

9  bizcloud_for_government, both incorporated herein to this Complaint, showing

10  additional use of the "BIZCLOUD" mark in the "BizCloud for Government"

11  service offered by CSC.

12      **INFRINGEMENT BY AT&T, CISCO, VMWARE AND EMC**

13      25.    "BIZCLOUD" is a registered trademark held by BizCloud.

14  Registration of the mark "BIZCLOUD" on the principal register constitutes

15  "constructive notice of the registrant's claim of ownership thereof." 15 U.S.C. §

16  1502.

17      26.    Despite being on constructive notice of BizCloud's ownership

18  of the mark "BIZCLOUD," defendant AT&T has entered into a deal with CSC

19  whereby it will "deliver [CSC's] BizCloud and other cloud services through

20  AT&T's global cloud infrastructure platform and networks." See Exhibit K, a press

21  release dated August 6, 2013, issued by defendant AT&T, available at

22  about.att.com/newsroom/csc_att_combine_expertise_for_global_businesses.html,

23  and incorporated by reference into this Complaint.

24      27.    Despite being on constructive notice of BizCloud's ownership

25  of the mark "BIZCLOUD," defendant CISCO has entered into a deal with CSC

26  whereby CISCO's "advanced cloud automation" is incorporated into CSC's

27  "BizCloud" product. See Exhibit L, a CISCO "case study" related to CISCO's

28  work with CSC on CSC's "BizCloud" product, dated 2012, available at

5

1  http://www.cisco.com/en/US/solutions/collateral/ns340/ns517/ns224/csc_case_stud

2  y_c36_708305.pdf, incorporated by reference into this Complaint.

3      28.    Despite being on constructive notice of BizCloud's ownership

4  of the mark "BIZCLOUD," defendant VMWARE has entered into an "alliance"

5  with CSC whereby VMWARE and CSC will provide "joint solutions", including

6  with CSC's "BizCloud" product, styled as a "VMware vCloud Datacenter

7  Service[]". See Exhibit M, a true and correct copy of a PDF product sheet

8  explaining the VMWARE and CSC "alliance" with CSC's "BizCloud" product,

9  available at www.vmware.com/partners/global-alliances/csc/csc-solutions.html;

10  see also Exhibit N, a true and correct copy of a screenshot of the website

11  www.vmware.com/partners/global-alliances/csc/csc-solutions.html, both

12  incorporated herein to this Complaint, showing additional use of the

13  "BIZCLOUD" mark by CSC and VMWARE.

14      29.    Despite being on constructive notice of BizCloud's ownership

15  of the mark "BIZCLOUD," defendant EMC has partnered with CSC with "storage,

16  security and management technologies" in selling CSC's product marked

17  "BIZCLOUD". See Exhibit O, a true and correct copy of a PDF product sheet

18  explaining how EMC partners with CSC on its "BIZCLOUD" product, available at

19  http://chucksblog.emc.com/content/CSC_BizCloud_Data_Sheet.pdf; see also

20  Exhibit P, a true and correct PDF copy of a website

21  http://www.csc.com/global_alliances/alliances/33694-emc_corporation entitled

22  "The CSC and EMC Alliance," and describing the CSC BizCloud product as a

23  "joint solution" between CSC and EMC; see also Exhibit Q, a screenshot of the

24  website www.vmware.com/partners/global-alliances/csc/csc-solutions.html, both

25  incorporated herein to this Complaint, showing additional use of the

26  "BIZCLOUD" mark by CSC and VMWARE.

27                    **CLAIMS FOR RELIEF**

28                        **COUNT I**

**(Trademark Infringement against all Defendants)**

**(Lanham Act § 32, 15 U.S.C. § 1114(a).)**

30.     BizCloud incorporates by reference and realleges the allegations set forth in paragraphs 1 through 29 above.

31.     Defendant CSC's use of the "BIZCLOUD" brand name comprises an infringement of BizCloud's registered trademark "BIZCLOUD" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of BizCloud's goods, causing irreparable harm to BizCloud for which there is no adequate remedy at law. In addition to other internet service offerings, BizCloud offers cloud computing services. CSC cannot thus lawfully label its cloud computing services as "BIZCLOUD".

32.     Defendants AT&T, CISCO, VMWARE and EMC are also infringing on the mark BIZCLOUD, as they have been on constructive notice of BizCloud's ownership of the mark "BIZCLOUD," yet have nonetheless entered into deals with CSC whereby they are distributing products and services with the mark "BIZCLOUD," causing irreparable harm to BizCloud for which there is no adequate remedy at law. In addition to other internet service offerings, BizCloud offers cloud computing services. Defendants AT&T, CISCO, VMWARE and EMC cannot thus lawfully label cloud computing services with the mark "BIZCLOUD".

33.     Defendants knew they did not have permission to use the mark "BIZCLOUD," and knew their acts constituted trademark infringement. Defendants' conduct was and is willful within the meaning of the Lanham Act.

34.     BizCloud has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

35.     BizCloud has been and will continue to be irreparably harmed and damaged by Defendants CSC's conduct, and BizCloud lacks an adequate remedy at law to compensate for this harm and damage.

7

36.     BizCloud is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct, pursuant to 17 U.S.C. § 504.

## COUNT II

**(Unfair Competition Under Lanham Act against all Defendants)**

**Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

37.     BizCloud incorporates by reference and realleges the allegations set forth in paragraphs 1 through 36 above.

38.     Defendants' use of the "BIZCLOUD" mark to promote, market or sell internet cloud based services and products in direct competition with BizClouds products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of the BizCloud mark is likely to cause confusion, mistake and deception amongst consumers. In addition to other internet service offerings, BizCloud offers cloud computing services. Defendants cannot thus lawfully label its cloud computing services as "BIZCLOUD".

39.     Because Defendants have used the mark "BIZCLOUD" without properly paying for any license, and despite knowledge that they had no ownership over the mark "BIZCLOUD," Defendants' infringement has been and continues to be intentional and willful.

40.     BizCloud has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and BizCloud lacks an adequate remedy at law to compensate for this harm and damage.

41.     BizCloud is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the mark.

42.     BizCloud has also sustained damages as a direct and proximate result of Defendants' infringement of the mark "BIZCLOUD" in an amount to be proven at trial.

43.     Because Defendants actions have been willful, BizCloud is

8

1   entitled to treble its actual damages or Defendants' profits, whichever is greater,

2   and to an award of costs, and, this being an exceptional case, reasonable attorneys'

3   fees pursuant to 15 U.S.C. § 1117(a).

4   ### COUNT III

5   **(Unfair Business Practices against all Defendants**

6   **Cal. Bus. & Prof. Code § 17200, *et seq*.)**

7       44.     BizCloud incorporates by reference and realleges the

8   allegations set forth in paragraphs 1 through 43 above.

9       45.     The acts of Defendants described above constitute fraudulent

10  and unlawful business practices as defined by California Bus. & Prof. Code §

11  17200, *et seq*.

12      46.     BizCloud has valid and protectable rights in its registered

13  trademark. Defendants' infringement of BizCloud's registered trademark constitute

14  fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200, *et*

15  *seq*.

16      47.     The above-described acts by Defendants are likely to mislead or

17  deceive the general public and therefore constitute fraudulent business practices in

18  violation of Cal. Bus. & Prof. Code § 17200, *et seq*. In addition to other internet

19  service offerings, BizCloud offers cloud computing services. Defendants cannot

20  thus lawfully label their cloud computing services as "BIZCLOUD".

21      48.     The above-described acts and practices constitute unfair

22  competition and trademark infringement the Lanham Act, as alleged herein, are

23  therefore unlawful acts in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

24      49.     Defendants have acted willfully and intentionally in infringing

25  BizCloud's trademark of the mark "BIZCLOUD", with full knowledge of

26  BizCloud's rights to the trademark and with an intent to cause confusion or

27  mistake or to deceive customers into believing that Defendants owned all right,

28  title and interest in "BIZCLOUD", and into believing that Defendants are the

9

1   creators of the mark.

2        50.    As a direct and proximate result of Defendants' wrongful

3   conduct, BizCloud has been injured in fact and has lost money and profits, and

4   such harm will continue unless Defendants' acts are enjoined by the Court.

5   BizCloud has no adequate remedy at law for Defendants' continuing violation of

6   BizCloud's rights.

7        51.    Defendants should be required to restore to BizCloud any and

8   all profits earned as a result of its unlawful and fraudulent actions, or provide

9   BizCloud with any other restitutionary relief as the Court deems appropriate.

10   **COUNT V**

11   **(Common Law Injury to Business Reputation against all Defendants)**

12        52.    BizCloud incorporates by reference and realleges the

13   allegations set forth in paragraphs 1 through 51 above and incorporates them by

14   reference.

15        53.    BizCloud alleges that Defendants' use of the "BIZCLOUD"

16   mark inures and creates a likelihood of injury to BizCloud's business reputation

17   because persons encountering Defendants and their products and services

18   identified with the mark "BIZCLOUD" will believe that Defendants are affiliated

19   with or related to or has the approval of BizCloud, and any adverse reaction by the

20   public to Defendants and the quality of its products and the nature of its business

21   will injure the business reputation of BizCloud and the goodwill that it enjoys in

22   connection with its registered trademark, "BIZCLOUD." In addition to other

23   internet service offerings, BizCloud offers cloud computing services. Defendants

24   cannot thus lawfully label its cloud computing services as "BIZCLOUD".

25

26   **COUNT VI**

27   **(Unjust Enrichment against all Defendants)**

28        54.    BizCloud incorporates by reference and realleges the

10

allegations set forth in paragraphs 1 through 53 above and incorporates them by reference.

55.     As a result of the conduct alleged herein, Defendants have been unjustly enriched to BizCloud's detriment. BizCloud seeks a worldwide accounting and disgorgement of all ill gotten gains and profits resulting from Defendants' inequitable activities.

## **PRAYER FOR RELIEF**

**WHEREFORE,** BizCloud asks this Court to enter judgment against Defendants and against each of Defendants' respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1.     That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under authority from them, and each of them, be preliminarily and permanently enjoined from: (a) using BizCloud's trademark depicted in Exhibit A, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to BizCloud's trademark "BIZCLOUD," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of BizCloud's products or their connectedness to Defendants.

2.     That Defendants be required to file with the Court and serve on BizCloud within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction.

3.     That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages, including treble damages, suffered by BizCloud resulting from the acts alleged herein;

4.     That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to

11

1  account to BizCloud for any and all profits derived by it from its illegal acts

2  complained of herein;

3         5.     That Defendants be ordered pursuant to 15 U.S.C. § 1118 to

4  deliver up for destruction all containers, labels, signs, prints, packages, wrappers,

5  receptacles, advertising, promotional material or the like in possession, custody or

6  under the control of Defendants bearing a trademark found to infringe BizCloud's

7  "BIZCLOUD" trademark, as well as all plates, matrices, and other means of

8  making the same;

9         6.     An accounting of Defendants' profits pursuant to 15 U.S.C. §

10  1117;

11         7.     Restitutionary relief against Defendants and in favor of

12  BizCloud, including disgorgement of wrongfully obtained profits and any other

13  appropriate relief;

14         8.     Costs of suit and attorneys' fees pursuant to law pursuant to 15

15  U.S.C. § 1117; and

16         9.     Any other remedy to which BizCloud may be entitled,

17  including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus & Prof. Code §§

18  17200, *et seq.*, 17500, *et seq.*, and under any other California law.

19              **TRIAL BY JURY DEMANDED**

20  Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Plaintiff

21  hereby demands a jury trial on all issues so triable.

22                 Respectfully submitted,

23  Dated:  January 10, 2014     COMAR LAW

24

25              By /s/ *Inder Comar*

26              D. Inder Comar
            Attorney for Plaintiffs

27              BIZCLOUD, INC. and
            ZIPBUSINESS

28