JAMES W. SOONG, Cal. Bar No. 196092
JSoong@SheppardMullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
379 Lytton Avenue
Palo Alto, CA 94301-1479
Telephone: 650.815.2600
Facsimile: 650.815.2601

LAURA L. CHAPMAN, Cal. Bar No. 167249
LChapman@SheppardMullin.com
LAI L. YIP, Cal. Bar No. 258029
LYip@SheppardMullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Defendants
COMPUTER SCIENCES CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

| | |
|---|---|
| BIZCLOUD, INC., and ZIPBUSINESS,<br><br>                Plaintiffs,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION,<br>AT&T INC., CISCO SYSTEMS, INC.,<br>VMWARE, INC., EMC CORPORATION, and<br>DOES 1-25,<br><br>                Defendants. | Civil Action No. 14-cv-00162-JCS<br>*Assigned to:*<br>*Magistrate Judge Joseph C. Spero*<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT COMPUTER SCIENCES CORPORATION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[PROPOSED] ORDER FILED HEREWITH**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Hearing Date: Friday, April 11, 2014<br>Hearing Time: 9:30 a.m.<br>Courtroom: G, 15th Floor<br>          450 Golden Gate Avenue<br>          San Francisco, CA 94102<br><br>Complaint Filed: January 10, 2014 |

| | | |
|---|---|---|
| 1 | COMPUTER SCIENCES CORPORATION, a Nevada Corporation, | **RELATED CASE** |
| 2 | | Civil Action No. 13-cv-05999-JCS |
| | Plaintiff, | *Assigned to:* |
| 3 | v. | *Magistrate Judge Joseph C. Spero* |
| 4 | ALAN RAZAVI, an individual, VAHID RAZAVI, an individual, BIZCLOUD, INC., a | |
| 5 | Wyoming Corporation, ZIPBUSINESS, a California Corporation, and DOES 1 – 10. | |
| 6 | | |
| | Defendants. | Complaint filed:  December 30, 2013 |

7

8    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

9        PLEASE TAKE NOTICE that on Friday, April 11, 2014 at 9:30 a.m., or as soon as the

10   matter can be heard before the Honorable Magistrate Judge Joseph C. Spero of the United States

11   District Court for the Northern District of California, San Francisco Courthouse, Courtroom G -

12   15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Computer Sciences

13   Corporation ("CSC") will move the Court to dismiss the Complaint in this action on the grounds

14   that all five claims for relief alleged therein are compulsory counterclaims that can be brought, if

15   at all, only in an earlier-filed, related case that is assigned to Judge Spero, which is entitled

16   *Computer Sciences Corporation v. Alan Razavi*, *Vahid Razavi, BizCloud, Inc. and ZipBusiness*,

17   Civil Action No. 13-cv-05999-JCS.

18        Further, three of the five claims for relief in the Complaint in this action are styled as

19   California state law claims that should be dismissed with prejudice on additional grounds.  Two of

20   these three state law claims should be dismissed with prejudice for the fundamental reason that

21   they are not recognized by California law.  Specifically, the claims entitled "common law injury to

22   business reputation" and "unjust enrichment" should be dismissed because no such causes of

23   action exist under California law.  CSC also seeks dismissal of the third state law claim pled under

24   California Business & Professions Code § 17200 on the grounds that the Complaint does not

25   allege sufficient facts to support the required element of an injury in fact and loss of money or

26   property as a result of alleged unfair competition and on grounds that the profits sought in

27   paragraph 51 of the Complaint are not awardable as a matter of law.

28

1    This motion is brought pursuant to Rules 12(b)(6), 12(f) and 13 of the Federal Rules of

2    Civil Procedure and the other authorities cited below.

3    This motion is based on this Notice of Motion, the following Memorandum of Points and

4    Authorities, the pleadings and records on file in this action and upon such other matters as may be

5    presented to the Court at the time of the hearing.

6    This motion follows the meet and confer between counsel that occurred on Friday,

7    February 21, 2014, Friday, February 28, 2014 and Wednesday, March 5, 2014.

8    March 7, 2014                    Respectfully submitted,

9                                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10
                                     By:        /s/  Laura L. Chapman
11                                              JAMES W. SOONG
                                                LAURA L. CHAPMAN
12                                              LAI L. YIP
                                                Attorneys for Defendant
13                                     COMPUTER SCIENCES CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ........................... 1

II. FACTS AND PROCEDURAL HISTORY ...................................................................... 2

    A. CSC ................................................................................................................ 2

    B. BCI ................................................................................................................. 2

    C. The First CSC Action .................................................................................... 2

    D. The Second BCI Action ................................................................................. 3

    E. This Court Has Determined That The CSC Action And The BCI Action Are Related ........................................................................................................... 4

III. ARGUMENT ................................................................................................................. 4

    A. BCI's Complaint Should Be Dismissed Under The Compulsory Counterclaim Rule And The "First-To-File" Rule .......................................... 4

        1. BCI's Complaint Should Be Dismissed Because It Contains Compulsory Counterclaims That May Be Pleaded Only In The CSC Action .................................................................................................. 4

        2. The "First-To-File" Rule Also Mandates Dismissal of BCI's Complaint ............................................................................................. 5

    B. Counts III, V And VI Of The Complaint Should Be Dismissed For Failure To State A Claim ............................................................................................. 8

        1. Legal Standard ................................................................................... 8

        2. "Count V" For "Common Law Injury To Business Reputation" Should Be Dismissed Because It Is Not A Recognized Claim In California ........................................................................................... 9

        3. "Count VI" Should Be Dismissed Because California Does Not Recognize A Claim For "Unjust Enrichment" ..................................... 9

        4. Count III For An Alleged Violation Of California Business And Professions Code Section 17200 Fails ........................................... 10

            a. There Are No Facts Pleaded To Support The "Injury In Fact" Element Of The Claim ................................................. 10

            b. The Claim Seeks Disgorgement Profits, Which Are Not Recoverable .............................................................. 11

C.     If This BCI Action Is Not Dismissed In Its Entirety, It Should Be Stayed Pending Resolution Of The CSC Action That Was Filed First .............................. 13

IV.     CONCLUSION ........................................................................................................ 13

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Federal Cases</u>

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................................. 8, 9

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ..................................................................................................... 8

*Bissessur v. Indiana Univ. Bd. of Trustees*
    581 F.3d 599 (7th Cir. 2009) ....................................................................................... 8

*Brown v. Green*
    No. C 12-2113 DMR, 2012 U.S. Dist. LEXIS 133442 (N.D. Cal. Sept. 18, 2012) ................. 9

*Cecena v. Allstate Ins. Co.*
    358 Fed. Appx. 798 (9th Cir. 2009) ........................................................................... 12

*In re Crown Vantage, Inc.*
    421 F.3d. 963 (9th Cir . 2005) ..................................................................................... 4

*Ford v. Lehman Bros. Bank, FSB*
    No. C 12-100842 CRB, 2012 U.S. Dist. LEXIS 85600 (N.D. Cal. June 20, 2012) ............... 10

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*
    544 F. Supp. 2d 949 (N.D. Cal. 2008) ........................................................................ 7

*Intervet, Inc. v. Merial, Ltd.*
    535 F. Supp. 2d 112 (D.D.C. 2008) ............................................................................ 7

*Jensen v. Quality Loan Serv. Corp.*
    702 F. Supp. 2d 1183 (E.D. Cal. 2010) ...................................................................... 11

*Mattel, Inc. v. MGA Entm't, Inc.*
    705 F.3d 1108 (9th Cir. 2013) .................................................................................... 5

*Mendiondo v. Centinela Hosp. Med. Ctr.*
    521 F.3d 1097 (9th Cir. 2008) .................................................................................... 8

*Microchip Tech., Inc. v. United Module Corp.*
    No. CV-10-04241-LHK, 2011 U.S. Dist. LEXIS 73276 (N.D. Cal. July 7, 2011) ................. 6

*Moran v. Screening Pros, LLC*
    No. 2:12-cv-05808-SVW-AGR, 2012 U.S. Dist. LEXIS 158598 (C.D. Cal. Sept. 28, 2012) ................................................................................................................................ 12

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Payless Shoesource, Inc.*
    No. C-11-1892 EMC, 2012 U.S. Dist. LEXIS 112346 (N.D. Cal. Aug. 9, 2012) ................. 6

*Oplink Commc'ns, Inc. v. Finisar Corp.*
　No. C-11-2361 EMS, 2011 U.S. Dist. LEXIS 91054 (N.D. Cal. Aug. 16, 2011) ................. 13

*Pochiro v. Prudential Ins. Co. of Am.*
　827 F.2d 1246 (9th Cir. 1987) ........................................................................... 4, 5

*Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*
　No. C 11-6648 SBA, 2012 U.S. Dist. LEXIS 108597, *10 (N.D. Cal. July 31, 2012) .......... 10

*Rankin v. Global Tel*Link Corp.*
　No. 13-cv-01117-JCS, 2013 U.S. Dist. LEXIS 95691 (N.D. Cal. July 9, 2013) ................... 12

*Route v. Mead Johnson Nutrition Co.*
　No. 12-CV-7350-GW, 2013 U.S. Dist. LEXIS 35069 (C.D. Cal. Feb. 21, 2013) ................... 9

*Saldate v. Wilshire Credit Corp.*
　686 F. Supp. 2d 1051 (E.D. Cal. 2010) ............................................................... 11

*SAS Inst., Inc. v. PracticingSmarter, Inc.*
　353 F. Supp. 2d 614 (M.D.N.C. 2005) .................................................................. 7

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*
　No. 07-554 JSW, 2007 U.S. Dist. LEXIS 71112 (N.D. Cal. Sept. 18, 2007) ........................ 9

*Sprewell v. Golden State Warriors*
　266 F.3d 979 (9th Cir. 2001) ............................................................................. 8

*Sprint Nextel Corp. v. Thuc Ngo*
　No. 12-2764 CW, 2012 U.S. Dist. LEXIS 145432 (N.D. Cal. Oct. 9, 2012) ........................ 10

*Sprint Nextel Corp. v. Thuc Ngo*
　No. C-12-02764 CW (EDL) 2012 U.S. Dist. LEXIS 137376 (N.D. Cal. Sept. 17, 2012)...... 10

*Wallerstein v. Dole Fresh Vegetables, Inc.*
　No. 13-cv-01284-YGR, 2013 U.S. Dist. LEXIS 132218 (N.D. Cal. Sept. 13, 2013)................
　.................................................................................................... 5, 6, 7, 8

State Cases

*Durell v. Sharp Healthcare*
　183 Cal. App. 4th 1350 (2010) .......................................................................... 9

*Jogani v. Superior Court*
　165 Cal. App. 4th 901 (2008) ............................................................................ 9

*Korea Supply Co. v. Lockheed Martin Corp.*
　29 Cal. 4th 1134 (2003) ............................................................................. 11, 12

*Lauriedale Assocs., Ltd. v. Wilson*
　7 Cal. App. 4th 1439 (1992) ............................................................................. 9

-vii-

*Levine v. Blue Shield of Cal.*
    189 Cal. App. 4th 1117 (2010)..................................................................... 9

*Melchior v. New Line Productions, Inc.*
    106 Cal. App. 4th 779 (2003)....................................................................... 9

Docketed Cases

*Computer Sciences Corporation v. Alan Razavi, Vahid Razavi, BizCloud, Inc. and
    ZipBusiness*
    Civil Action No. 3:13-cv-05999-JCS (the "CSC Action") ...................... 1

Federal Statutes, Rules, Regulations, Constitutional Provisions

Federal Rules of Civil Procedure
    Rule 8 ............................................................................................................ 8
    Rule 12(b)(6) ................................................................................................. 8
    Rule 13(a)(1)(A)............................................................................................ 4
    Rule 12(f) ...................................................................................................... 12
    Rule 15(a) ........................................................................................................ 2

State Statutes, Rules, Regulations, Constitutional Provisions

California Business & Professions Code
    § 17200 ..................................................................... 1, 2, 10, 11, 12
    § 17204 ........................................................................................ 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

This Action (the "BCI Action") should be dismissed under the rules governing compulsory counterclaims and under the first-to-file rule because it is duplicative of a previously filed, essentially identical declaratory relief action also pending in this same courtroom before Judge Spero, styled *Computer Sciences Corporation v. Alan Razavi*, *Vahid Razavi, BizCloud, Inc. and ZipBusiness*, Civil Action No. 3:13-cv-05999-JCS (the "CSC Action"). The claims in this BCI Action can be brought, if at all, only as compulsory counter-claims in the CSC Action, which was filed first.

The BCI Action and the CSC Action allege the same facts, arise out of the same transaction or occurrence and are logically related. They are both trademark actions. The first-filed CSC Action seeks a declaration that the plaintiff in the BCI Action does not have trademark rights in the word "BizCloud," that use by Computer Sciences Corporation ("CSC") of "BizCloud" does not infringe and that the federal trademark registration for "BizCloud" should be cancelled. The second-filed BCI Action alleges that the plaintiffs have trademark rights in "BizCloud" and that CSC's use of "BizCloud" infringes. The BCI Action is duplicative of the CSC Action. The compulsory counter-claim rules and the first-to-file rule exist to alleviate the burden posed by duplicative litigation like the BCI Action. The BCI Action should be dismissed.

The BCI Action alleges five claims: two under the Lanham Act and three California state law claims. The three California state law claims should be dismissed with prejudice for additional reasons: They are either not recognized under California law or fail to allege facts sufficient to constitute a cause of action. In particular, there is no such claim as "common law injury to business reputation" or "unjust enrichment" under California law. These purported claims should be dismissed with prejudice because they do not exist. Likewise, BCI's claim under California Business & Professions Code § 17200 lacks merit. First, BCI has failed to plead sufficient facts to support the required element of an injury in fact and loss of money or property as a result of the conduct that allegedly violates § 17200, which has been a requirement since

California voters passed Proposition 64 ten years ago. Second, profits sought by BCI under California Business & Professions Code § 17200 are not awardable as a matter of law. Thus, BCI's third claim pled under California law also warrants dismissal with prejudice.

This motion to dismiss should be granted in its entirety. The three California state law claims should be dismissed with prejudice. The two Lanham Act claims should be dismissed without prejudice to permit BCI to plead them in the CSC Action by March 28, 2014, which is the deadline to plead counter-claims in this BCI Action pursuant to Federal Rule of Civil Procedure 15(a).

## II.

## FACTS AND PROCEDURAL HISTORY

**A.** **CSC**

CSC is a global leader in providing technology-enabled solutions and services for large businesses and organizations. It employs approximately 81,000 professionals that serve clients in more than 70 countries. Among CSC's offerings are cloud computing services for its customers. CSC uses "CSC BizCloud" and "BizCloud" to denote its private cloud computing services.

**B.** **BCI**

BCI apparently offers and provides advertising, promotion, marketing and business consulting services to small businesses from a cloud. It has described itself in advertising and promotion to prospective clients as "the small business cloud computing company." It alleges trademark rights in "BizCloud" through U.S. Trademark Registration No. 3910486, which identifies, *inter alia*, advertising and marketing services, online promotion of business opportunities, telephone directory information via the internet, provision of business information, business consulting, and an online interactive website for business services and advice as recited good and services.

**C.** **The First CSC Action**

BCI first alleged trademark infringement against CSC more than three years ago in a cease and desist letter dated February 3, 2011. Since then, CSC has received other letters from BCI that repeated its position that CSC's use of "BizCloud" constituted trademark infringement. The most

recent letter, sent by counsel for BCI and dated December 5, 2013, alleged that CSC and certain of its business partners infringe BCI's alleged trademark rights in "BizCloud", that BCI is entitled to recover money for the alleged infringement and that BCI would file a lawsuit against CSC and those partners if they do not pay "a reasonable settlement to BizCloud for approximately three full years of use of BizCloud's registered mark in the cloud computing space."

CSC does not infringe any rights of BCI because, among other reasons, the parties are not competitors and do not offer the same services to the same customers, no likelihood of confusion exists, "BizCloud" is merely descriptive and BCI has not developed required secondary meaning in "BizCloud."

After having been targeted with meritless demand letters over almost a three year period, on December 30, 2013, CSC filed in this Court a declaratory relief action to confirm that no valid trademark rights were infringed by use of "BizCloud." The CSC Action seeks declaratory judgments that (1) CSC's use of "BizCloud" does not infringe BCI's alleged trademark rights, (2) as used on BCI's purported offerings, "BizCloud" is merely descriptive and has no secondary meaning and (3) the federal trademark registration on "BizCloud" should be cancelled.

The CSC Action names the following defendants: BizCloud, Inc., ZipBusiness, a company that may assert alleged trademark rights in "BizCloud," and two alleged principals of BCI and/or ZipBusiness, Alan Razavi and Vahid Razavi. CSC named ZipBusiness and the Razavi defendants in the CSC Action because, among other reasons, the State of Wyoming, where BCI was incorporated, had administratively dissolved BCI's corporate status as of the time the complaint was filed.

The CSC Action has been assigned to the Honorable Joseph C. Spero.

**D.**     **The Second BCI Action**

Rather than file a counterclaim in the CSC Action, BCI filed the instant action on January 10, 2014. This BCI Action raises the identical, core trademark validity and infringement issues that are raised in the CSC Action, while tacking on three other California state law causes of action also premised on CSC's use of "BizCloud." There is no apparent justification for filing this separate BCI Action.

This BCI Action alleges that CSC engaged in (1) trademark infringement, (2) unfair competition, (3) unfair business practices, (4) common law injury to business reputation and (5) unjust enrichment.  All of these claims are based on the allegation that CSC's use of "BizCloud" for its private cloud offering constitutes infringement of a valid trademark in "BizCloud."

In addition to CSC, BCI named four CSC business partners as additional defendants – AT&T Inc., Cisco Systems, Inc., VMware, Inc. and EMC Corporation – based on their business relationships with CSC as to CSC's BizCloud offering.  In particular, BCI contends that CSC and these CSC partners engaged in trademark infringement by using "BizCloud" in connection with CSC's BizCloud offering.

**E.     This Court Has Determined That The CSC Action And The BCI Action Are Related**

Upon administrative motion by CSC, this Court determined, on February 28, 2014, that this BCI Action is related to the CSC Action.

**III.**

**ARGUMENT**

**A.     BCI's Complaint Should Be Dismissed Under The Compulsory Counterclaim Rule And The "First-To-File" Rule**

**1.     BCI's Complaint Should Be Dismissed Because It Contains Compulsory Counterclaims That May Be Pleaded Only In The CSC Action**

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action."  *In re Crown Vantage, Inc.*, 421 F.3d. 963, 973 n. 7 (9th Cir . 2005), *citing Cheiker v. Prudential Insurance Co.*, 820 F.2d 334 (9th Cir. 1987).

A compulsory counterclaim is a claim that "arises from the same transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a)(1)(A).  Federal courts apply a "liberal" test known at the "logical relationship test" to determine whether two claims arise out of the same transaction or occurrence.  *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987), *citing Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926).

-4-

Under the logical relationship test a counterclaim is compulsory where "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential,* 827 F.2d at 1249. Similarly, "[a] logical relationship exists when…the same operative facts serve as the basis of both claims…" *Mattel, Inc. v. MGA Entm't, Inc.* 705 F.3d 1108, 1110 (9th Cir. 2013) *quoting In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005)

This legal standard makes clear that, if any claims in this BCI Action can be brought at all, BCI must bring them as compulsory counterclaims in the CSC Action. The facts alleged in both actions are the same and involve use of "BizCloud." The legal issues are also the same and involve whether trademark rights in "BizCloud" exist, whether any such rights have been infringed and whether the trademark registration for "BizCloud" should be cancelled. Accordingly, there is a logical relationship between the two actions.

Despite the naming of additional parties in the CSC Action and the BCI Action, CSC, BizCloud, Inc. and ZipBusiness remain the primary stakeholders in both actions. The additional defendants named in the CSC Action – i.e., Alan Razavi and Vahid Razavi – are involved through their business relationships with BCI as to "BizCloud." The additional defendants named in the BCI Action – i.e., AT&T Inc., Cisco Systems, Inc., VMware, Inc. and EMC Corp. – are involved through their business relationships with CSC as to "BizCloud." The existence of additional defendants does not change the identical essence of both actions. Each is the flip side of the same coin.

Because the BCI and CSC Actions arise out of the same transaction or occurrence, the claims in the BCI Action must be brought, if at all, as compulsory counterclaims in the CSC Action, and the BCI Action should be dismissed.

### 2. The "First-To-File" Rule Also Mandates Dismissal of BCI's Complaint

A federal court has discretion to dismiss or stay a case under the "first-to-file" rule. *Wallerstein v. Dole Fresh Vegetables, Inc.*, No. 13-cv-01284-YGR, 2013 U.S. Dist. LEXIS

132218, *6 (N.D. Cal. Sept. 13, 2013), *citing Pacesetter Sys., Inc. v. Medtronic, Inc*., 578 F.2d 93, 94-95 (9th Cir . 1982).[1]

The first-to-file rule permits a court to dismiss a second-filed action in order "to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting federal judgments. … As such, the rule should not be disregarded lightly." *Wallerstein v. Dole,* 2013 U.S. Dist. LEXIS 132218, *6, *citing Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979); *Microchip Tech., Inc. v. United Module Corp*., No. CV-10-04241-LHK, 2011 U.S. Dist. LEXIS 73276 at *3 (N.D. Cal. July 7, 2011).

Courts analyze three factors in determining whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Wallerstein v. Dole,* 2013 U.S. Dist. LEXIS 132218, *7. When all three factors of the "first-to-file" rule are met, a plaintiff's claims in a second-filed suit are dismissed. *Id*. That is the case here.

First, this action was filed after the CSC Action. Therefore, the first factor relating to chronology is met.

Second, the parties in both actions are substantially similar. The "similarity of the parties" factor does not require the parties to be identical; rather, all that is required is that they are substantially similar. *See Wallerstein*, 2013 U.S. Dist. LEXIS 132218, at *13-14, n. 6 (citing case law for proposition that "first-to-file" rule is satisfied regardless of the existence of additional, unmatched parties in two actions); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 U.S. Dist. LEXIS 112346, *8 (N.D. Cal. Aug. 9, 2012). The primary stakeholders – CSC, BizCloud, Inc. and ZipBusiness – are parties in both actions. Since the additional parties named as defendants in both actions are only involved

---

[1] The Court may also transfer a case to another district court under the first-to-file rule. *Id*. The first-to-file rule can be applied to dismiss, stay or transfer a subsequently-filed case in a different district court, but is not limited to situations in which similar cases are pending in different districts. *Id*.

through their business relationships with CSC, BizCloud, Inc. and ZipBusiness, the parties in both actions are substantially similar.

Finally, the issues involved in both actions are virtually identical. These issues are ownership of the alleged trademark "BizCloud," rights to use "BizCloud," including sub-issues regarding whether "BizCloud" is merely descriptive, whether "BizCloud" has secondary meaning, and, finally, whether the trademark registration on BizCloud should be cancelled for lack of cognizable trademark rights. This factor is more than satisfied, particularly since the issues in both actions need not be identical. *See Wallerstein*, 2013 U.S. Dist. LEXIS 132218, at *18 (finding the "similarity of the issues" element met where the factual and legal issues were substantially similar); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues.") (italics in original).

The Northern District of California Court's opinion in *Wallerstein* cited with approval two cases that are particularly instructive here. Each decision involved a first-filed action for a declaratory judgment of intellectual property invalidity and noninfringement and a later-filed action in the same district court for a reciprocal finding of intellectual property infringement. One is *Intervet, Inc. v. Merial, Ltd.*, 535 F. Supp. 2d 112, 115 (D.D.C. 2008). In *Intervet*, the court applied the "first-to-file" rule to two actions filed in same district court; noting that the actions were "functionally the same," except that plaintiff in one action was defendant in another and vice-versa. The other instructive case is *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F. Supp. 2d 614, 619 (M.D.N.C. 2005). *SAS* applied the "first-to-file" rule to a declaratory judgment action and dismissed the second-filed action (filed in the same district court) that alleged intellectual property infringement. *See Wallerstein*, 2013 U.S. Dist. LEXIS 132218, at *11-12. Like *Intervet* and *SAS*, the first-filed CSC Action seeks declaratory relief of no intellectual property rights and no infringement; the second-filed BCI Action alleges infringement of the same intellectual property asserted in the first-filed CSC Action. Therefore, the second-filed BCI Action should be dismissed.

Because all of the factors of the "first-to-file" rule have been satisfied, and because BCI's allegations in this action should be compulsory counterclaims in the CSC Action, this Court should dismiss this BCI Action in its entirety. *See, e.g., Wallerstein*, 2013 U.S. Dist. LEXIS 132218, at *11-12.

**B.    Counts III, V And VI Of The Complaint Should Be Dismissed For Failure To State A Claim**

### 1.    Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); s*ee also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

Under Federal Rule of Civil Procedure 8, a complaint must contain sufficient factual allegations to show a "plausible" claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail . . . to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).

In order to determine whether a complaint contains sufficient factual allegations to show a plausible claim for relief, a court, first, must identify which statements in the complaint are factual allegations and which are legal conclusions. Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. at 681; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (stating that the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

-8-

In the second step, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. at 679.

Here, the three state law claims fail to state factual allegations that can state a claim for relief. They should be dismissed with prejudice.

### 2. "Count V" For "Common Law Injury To Business Reputation" Should Be Dismissed Because It Is Not A Recognized Claim In California

"Count V"[2] alleges a claim for relief for "Common Law Injury to Business Reputation." This claim should be dismissed without leave to amend because California does not recognize such a claim. *See Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. 07-554 JSW, 2007 U.S. Dist. LEXIS 71112, *5 (N.D. Cal. Sept. 18, 2007); *Brown v. Green*, No. C 12-2113 DMR, 2012 U.S. Dist. LEXIS 133442, *15, *16 (N.D. Cal. Sept. 18, 2012) (dismissing with prejudice, *sua sponte*, plaintiff's "Common Law Injury to Business Reputation," in part, because such claim is not recognized under California law). Because a claim for "Common Law Injury to Business Reputation" does not exist in California, it should be dismissed without leave to amend.

### 3. "Count VI" Should Be Dismissed Because California Does Not Recognize A Claim For "Unjust Enrichment"

"Count VI" alleges unjust enrichment. This claim fails as a matter of law because it is well established that "there is no cause of action in California for unjust enrichment." *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010) ("the [plaintiff's] unjust enrichment claim does not properly state a cause of action"); *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (same); *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) (same); *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) (same); *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("'Unjust Enrichment' does not describe a theory of recovery, but an effect."); *Route v. Mead Johnson Nutrition Co.*, No. 12-CV-7350-GW (JEMx), 2013 U.S. Dist. LEXIS 35069, at *14-*15 (C.D. Cal. Feb. 21, 2013) ("Unjust

---

[2] BCI's Complaint does not contain a "Count IV."

-9-

enrichment is . . . not an independent cause of action . . . Accordingly, Plaintiff's claim for unjust enrichment fails."); *Sprint Nextel Corp. v. Thuc Ngo*, No. C-12-02764 CW (EDL) 2012 U.S. Dist. LEXIS 137376, at *22 (N.D. Cal. Sept. 17, 2012) (recommending dismissal of plaintiff's unjust enrichment claim because it is not an independent cause of action) *adopted by Sprint Nextel Corp. v. Thuc Ngo*, No. 12-2764 CW, 2012 U.S. Dist. LEXIS 145432 (N.D. Cal. Oct. 9, 2012).

As these cases teach, unjust enrichment is not a cause of action, but is a remedy in the form of restitution. Because unjust enrichment is not a recognized cause of action in California, BCI's purported "unjust enrichment claim" should be dismissed without leave to amend.

### 4. Count III For An Alleged Violation Of California Business And Professions Code Section 17200 Fails

Count III in the Complaint alleges a claim for relief for "unfair business practices" under California Business and Professions Code §17200 et seq. ("UCL"). The UCL prohibits unfair competition by means of any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

#### a. There Are No Facts Pleaded To Support The "Injury In Fact" Element Of The Claim

A claim for an alleged violation of California Business & Professions Code § 17200 *et seq.* requires plaintiff to plead and prove "injury in fact" and loss of money or property as a result of the alleged unfair competition. Cal. Bus. & Prof. Code § 17204; *Ford v. Lehman Bros. Bank, FSB*, No. C 12-100842 CRB, 2012 U.S. Dist. LEXIS 85600, *25 (N.D. Cal. June 20, 2012).

Here, the Complaint alleges that "[a]s a direct and proximate result of Defendants' wrongful conduct, BizCloud has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court." (Complaint, ¶50.) These allegations are mere legal conclusions that warrant dismissal of a UCL claim. *Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*, No. C 11-6648 SBA, 2012 U.S. Dist. LEXIS 108597, *10 (N.D. Cal. July 31, 2012) (finding plaintiff's allegations conclusory and insufficient to establish a UCL claim where plaintiff had merely alleged that it had "suffered injury in fact and ha[d] lost money as a result of [defendant's] unfair competition...."); *see also Ford*, 2012 U.S. Dist. LEXIS 85600, at *25 (dismissing plaintiff's UCL claim where plaintiff's complaint lacked

"facts describing loss of money or property."); *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1066 (E.D. Cal. 2010) (dismissing plaintiff's UCL claim where the complaint lacked facts regarding the property or money that was allegedly lost as a result of the UCL violation); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010) (dismissing plaintiff's section 17200 claim where plaintiff failed to allege any facts suggesting plaintiff lost money or property).

Like the complaints in the cited case law, the Complaint in this action is equally deficient in terms of pleading facts that support the legal conclusion of an alleged "injury in fact" and loss of money or property as a result of the alleged unfair competition. As the case law demonstrates, BCI's allegations in support of its UCL claim are conclusory and therefore should be dismissed.

        b.    <u>The Claim Seeks Disgorgement Profits, Which Are Not Recoverable</u>

As a remedy for the alleged UCL violation, BCI seeks to recover defendants' profits. (Complaint, ¶51). However, profits are not recoverable as a matter of law in a § 17200 claim. "A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). "[P]revailing plaintiffs [in a UCL claim] are generally limited to injunctive relief and restitution." *Id*.

"Restitution" is the only monetary remedy that can be awarded in a UCL claim. *Id*. "Restitution" under the UCL is a term of art. Under the UCL, "restitution" means restoring to a plaintiff either money or other property previously conveyed by the plaintiff to the defendant, or money in which plaintiff has a vested interest. *Korea Supply*, 29 Cal. 4th at 1149. The purpose of restitution is "to restore the status quo." *Id*. Thus, the plaintiff must have an ownership interest in the money or property of which he seeks return. *Id*. It is not restitution to seek funds from a defendant that were not once placed in the possession of the defendant by the plaintiff. *Id*.

Although BCI facially characterizes its request for defendant's profits as "restitutionary relief," Complaint, ¶51, the Complaint does not, in fact, ask for restitution. Instead, it seeks "to restore [to] BizCloud any and all profits earned as a result of [CSC's] unlawful and fraudulent actions." *Id*. This is not a request for "restitution." It is a request for non-restitutionary disgorgement of profits, which resembles a claim for damages and is not permitted under the

-11-

UCL. *Korea Supply*, 29 Cal. 4th at 1150. The California Supreme Court "has never approved of non-restitutionary disgorgement of profits as a remedy under the UCL." *Id*. at 1148.

Where, as here, a complaint seeks money damages and does not seek the restitution permitted by the UCL, the court should dismiss the § 17200 claim. *See, e.g., Cecena v. Allstate Ins. Co.*, 358 Fed. Appx. 798, 800 (9th Cir. 2009) (following *Korea Supply* and affirming the dismissal of plaintiff's UCL claim where plaintiff did not establish it was entitled to restitution in that it did not have a property interest in the money received by the defendant); *Rankin v. Global Tel*Link Corp.*, No. 13-cv-01117-JCS, 2013 U.S. Dist. LEXIS 95691, *22, *58 (N.D. Cal. July 9, 2013) (dismissing plaintiff's UCL claim where plaintiff sought the wrong remedy—disgorgement of profits); *Moran v. Screening Pros, LLC*, No. 2:12-cv-05808-SVW-AGR, 2012 U.S. Dist. LEXIS 158598, *24 (C.D. Cal. Sept. 28, 2012) (dismissing plaintiff's UCL claims where it failed to establish that plaintiff gave any money or property to defendant); *Korea Supply*, 29 Cal. 4th at 1149, 1150 (dismissing plaintiff's UCL claim where the court found that plaintiff, contrary to its assertion that it was seeking restitution, was actually seeking non-restitutionary disgorgement of profits). Here, BCI's Complaint is devoid of any factual allegations that would entitle it to restitution. It never gave anything of value to the named defendants. Accordingly, the Court should dismiss Plaintiffs' UCL claim with prejudice.

Alternatively, the Court should strike paragraph 51 of BCI's Complaint pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Paragraph 51, which states as follows, should be stricken as impertinent and immaterial matter because it impermissibly seeks non-restitutionary disgorgement of profits:

> "Defendants should be required to restore to BizCloud any and all profits earned as a result of its unlawful and fraudulent actions, or provide BizCloud with any other restitutionary relief as the Court deems appropriate."

(Complaint, ¶51.)

**C.** **If This BCI Action Is Not Dismissed In Its Entirety, It Should Be Stayed Pending Resolution Of The CSC Action That Was Filed First**

If the Court does not dismiss this BCI Action in its entirety, the Court should dismiss the three California state law claims with prejudice, stay this BCI Action pending the resolution of the CSC Action and issue an order prohibiting BCI from filing a counterclaim in the CSC Action that includes any of the three state law claims. Doing so would promote judicial economy and protect against inconsistent rulings. *See Oplink Commc'ns, Inc. v. Finisar Corp.*, No. C-11-2361 EMS, 2011 U.S. Dist. LEXIS 91054, *9-*10 (N.D. Cal. Aug. 16, 2011) ("the Court opts to stay the instant action until the Texas court has ruled on Oplink's motion to sever and transfer," as this "comports with Rule 13's purpose to ensure judicial economy and protect against inconsistent rulings").

## IV.

## CONCLUSION

CSC respectfully requests that this Court dismiss this action in its entirety. In the alternative, the Court should dismiss with prejudice Count III, Count "V" and Count "VI" in the Complaint and stay the remainder of this action, pending resolution of the CSC Action.

March 7, 2014                    Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:        _/s/ Laura L. Chapman_
                    JAMES W. SOONG
                    LAURA L. CHAPMAN
                    LAI L. YIP
                    Attorneys for Defendants
                    COMPUTER SCIENCES CORPORATION

*BizCloud, Inc., etc. v.Computer Sciences Corporation, etc.*
USDC, California Northern District (San Francisco) Case No. 14-cv-00162-JCS

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On March 7, 2014, I served true copies of the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF DEFENDANT COMPUTER SCIENCES CORPORATION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

**[PROPOSED] ORDER**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 7, 2014, at San Francisco, California.


*/s/ Marsi Fahraji*
Marsi Fahraji