United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BIZCLOUD, INC., et al.,

          Plaintiffs,

     v.

COMPUTER SCIENCES CORPORATION, et al.,

          Defendants.

Case No.  C-14-00162 JCS

Related Case: C-13-05999 JCS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND CONSOLIDATING RELATED CASES**

Re: Dkt. No. 20

I.      **INTRODUCTION**

     Defendant Computer Sciences Corporation ("CSC") brings a Motion to Dismiss Plaintiffs' Complaint ("Motion") seeking dismissal of all of Plaintiffs' claims on the basis that they should have been asserted as compulsory counterclaims in the earlier-filed related case, *Computer Sciences Corporation v. Alan Razavi, et al.*, C-13-5999 JCS.  CSC further contends in the Motion that two state law claims asserted in this action by BizCloud, Inc. ("BCI"), for "common law injury to business reputation" and "unjust enrichment," should be dismissed with prejudice because they do not exist under California law.  Finally, CSC asserts that BCI's third state law claim, for unfair competition under California Business and Profession Code §§ 17200 *et seq*. ("the UCL claim"), fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because: 1) BCI has alleged no facts showing it suffered injury in fact as a result of CSC's conduct and therefore BCI lacks standing; and 2) the profits sought in paragraph 51 of the Complaint, namely, the profits CSC allegedly obtained as a result of its unfair use of the "BizCloud" mark, are unavailable as a matter of law.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BCI opposes the Motion on the ground that CSC's complaint in the earlier action was filed in anticipation of BCI's complaint in this action and therefore, the "first-to-file" rule does not apply.  In the alternative, BCI argues that even if the "first-to-file" rule applies, the Court should exercise its discretion under Rule 42(a) to consolidate the two actions.   BCI concedes that California law does not recognize claims for "common law injury to business reputation" and "unjust enrichment" and therefore, that these claims should be dismissed with prejudice. However, it asserts that it has adequately pled its UCL claim.  First, it contends it has alleged facts that give rise to an inference that BCI lost money or property and therefore has standing to assert the UCL claim.  In particular, BCI points to: 1) allegations that it sent and received correspondence, including a cease and desist letter from BCI demanding that CSC cease and desist the use of "BizCloud," supporting an inference that it spent money as a result of the alleged unfair competition; 2) allegations that CSC did not pay royalties for licenses to use the "BizCloud" mark, supporting an inference that BCI lost money it otherwise would have received as a result of licensing agreements with CSC; and 3) allegations that CSC entered into business arrangements with the other named defendants and sold products using the "BizCloud" mark.  Second, BCI contends the profits it seeks in paragraph 51 of its complaint are available because it is seeking restitution rather than disgorgement of profits.  According to BCI, CSC's profits are available as restitution on its UCL claim because BCI owns the "BizCloud" mark, thus giving rise to a vested interest in the profits CSC earned as a result of its wrongful use of that mark.

The served parties in this action and the related action have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).[1]  A hearing on the Motion was

---

[1] Defendants VMWare, Inc., AT&T, Inc., Cisco Systems, Inc. and EMC Corporation have not yet been served and therefore are not considered "parties" for the purposes of determining whether the undersigned has jurisdiction to decide the instant Motion under 28 U.S.C. § 636(c).  *Capous v. United States Internal Revenue Service*, 2013 WL 6489970. at *1 n.1 (N.D. Cal., Feb. 13, 2013) (holding that magistrate judge had jurisdiction under 28 U.S.C. § 636(c)(1)  to dismiss plaintiff's complaint under 28 U.S.C. § 1915(e) even though defendant had not consented to magistrate jurisdiction because defendant had not been served and therefore was not a party);  *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

2

held on Friday, April 25, 2014 at 2:00 p.m.  For the reasons stated below, the Motion is
GRANTED in part and DENIED in part.

## II.      ANALYSIS

### A.      Whether the Court Should Exercise its Discretion to Dismiss this Action under the First-to-File Rule or to Consolidate the Related Cases under Fed.R.Civ.P. 42(a)

#### 1.  Legal Standard

##### a.  First-to-File Rule

The "first to file" rule allows a district court to dismiss, transfer, or stay an action when a similar complaint has been filed in another federal court.  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir.1991).  It was developed to "'serve the purpose of promoting efficiency well and should not be disregarded lightly.'"  *Id*. (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979)).  In determining whether the rule should be invoked in a later-filed action, courts consider: 1) the chronology of the two actions; 2) the similarity of the parties; and 3) the similarity of the issues.  *Id*. at 625-26; *see also Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir.1982).  Even if these factors point in the direction of applying the first-to-file rule, however, district courts may exercise their discretion and dispense with the rule for equitable reasons, which include bad faith, anticipatory suit, and forum shopping. *Id*. at 626–28.

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent."  *Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 665 (N.D.Cal., 2003) (citing *Ward v. Follett Corp*., 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Guthy–Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc*., 179 F.R.D. 264, 271 (C.D.Cal. 1998)).  The court in *Z-Line Designs* explained that "[s]uch anticipatory suits are disfavored because they are examples of forum shopping."  *Id*. (citing *Alaris Med. Sys. v. Filtertek, Inc.*, 64 U.S.P.Q.2d 1955 (S.D.Cal. 2001) (citing *Mission Ins. Co. v. Puritan Fashions Cor*p., 706 F.2d 599, 602 n. 3 (5th Cir. 1983))).

##### b.  Rule 42(a)

Under Rule 42 of the Federal Rules of Civil Procedure, courts may consolidate cases that

United States District Court
Northern District of California

3

"involve a common question of law or fact." Fed.R.Civ.P. 42(a). "The court has broad discretion to consolidate cases under Rule 42, either by motions submitted by the parties or sua sponte." *Solannex, Inc. v. Miasole, Inc.*, 2013 WL 430984, at *2 (N.D. Cal. Feb. 1, 2013) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013–14 (5th Cir. 1977); *Paxonet Communications, Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1028–29 (N.D. Cal. 2003)). "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

### 2. Discussion

The main dispute between CSC and BCI regarding whether the Court should dismiss this action under the first-to-file rule is whether or not the earlier-filed action, Related Case No. C-13-5999 JCS, is an anticipatory action. In support of their positions, both parties quote liberally from a December 5, 2013 letter apparently sent by BCI to CSC. The letter is not in the record, however. Consequently, it is difficult for the Court to make a factual determination as to whether the letter constituted a "specific, concrete indication[ ] that a suit by defendant was imminent," as CSC contends, or rather, was merely an effort to resolve the dispute without litigation, like a letter sent by BCI to CSC in 2011.[2]  The Court need not decide this question, however, because it finds that the two cases should be consolidated under Rule 42. The parties agree that the two cases share common issues of law and fact.  Consequently, consolidation of the two cases will serve the interests of judicial efficiency.  Further, the "inefficiency, delay, or expense" that will result from consolidation is minimal as the two cases were initiated at almost the same time and are both before the undersigned magistrate judge.  Therefore, the Court exercises its discretion to consolidate the related cases.[3]

---

[2] The 2011 letter is attached to the Complaint as Exhibit D and is dated February 3, 2011.
[3] It appears that CSC's main concern regarding the consolidation of the two actions is the impact it will have on the alignment of the parties and the order of proof.  The Court will address this issue as a matter of case management and therefore does not decide the question in this Order.

United States District Court
Northern District of California

United States District Court
Northern District of California

**B.      Whether BCI has Adequately Pled its UCL Claim**

**1.  Legal Standard**

California's Unfair Competition Law ("UCL") prohibits "unfair competition," defined as any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200. A claim may be brought under the UCL "by a person who has suffered injury in fact and has lost money or property as a result of unfair competition." *Id.* § 17204. Therefore, to establish standing under the UCL, a plaintiff must "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Lawther v. OneWest Bank, FSB*, No. C-10-00054 JCS, 2012 WL 298110, at *23 (N.D. Cal. Feb. 1, 2012) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011)) (emphasis in original).  The California Supreme Court explained in *Kwikset* that "[t]here are innumerable ways in which economic injury from unfair competition may be shown."  51 Cal. 4th at 323.  In particular, "[a] plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary."  *Id.*

The remedies available under the UCL are set forth in Cal. Bus. & Prof. Code § 17203, which provides, in relevant part, as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203. As the California Supreme Court has recognized, "[a] UCL action is equitable in nature; damages cannot be recovered."  *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1144 (2003) (citing *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1266 (1992)).  The only monetary remedy that can be recovered under the UCL is

5

restitution. *Id.* at 1146 (citing *Kraus v. Trinity Management Services, Inc.,* 23 Cal. 4th 116, 129 (2000)). Thus, "[u]nder the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." *Id.* at 1148.

In *Korea Supply*, the California Supreme Court distinguished restitution from the broader remedy of disgorgement, summarizing its discussion of this issue in *Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116 (2000). *Id.* at 1144-1145. The court stated:

> We defined an order for "restitution" as one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." ( *Kraus*, supra, 23 Cal.4th at pp. 126-127.) We then clarified that "disgorgement" is a broader remedy than restitution. We stated that an order for disgorgement "may include a restitutionary element, but is not so limited." ( *Id.* at p. 127.) We further explained that an order for disgorgement "may compel a defendant to surrender all money obtained through an unfair business practice even though not all is to be restored to the persons from whom it was obtained or those claiming under those persons. It has also been used to refer to surrender of all profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice." (*Ibid.*) Relying on this distinction between restitution and disgorgement, we held in *Kraus* that although restitution was an available remedy in UCL actions, a plaintiff in a representative action under the UCL could not recover disgorgement in the broader, nonrestitutionary sense, into a fluid recovery fund. (*Kraus*, at p. 137.)

*Id.* The court went on to reaffirm the holding of *Kraus* that "while restitution [is] an available remedy under the UCL, disgorgement of money obtained through an unfair business practice is an available remedy in a representative action only to the extent that it constitutes restitution." *Id.* at 1145.

Finally, the California Supreme Court has made clear that "the standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 337 (2011). Thus, in *Kwikset* the court rejected "a line of cases that have read the 'lost money or property' requirement as confining standing under section 17204 to individuals who suffer losses . . . that are eligible for restitution."

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Id*. (citations and quotations omitted).

2              **2.  Discussion**

3                   a.   Standing

4         BCI argues it has pled facts sufficient to establish standing based on its allegations that: 1)

5    it sent a cease and desist letter to CSC and received correspondence in return; 2)  it lost royalty

6    payments it otherwise would have received due to the fact that CSC didn't enter into any

7    agreements with BCI to license the "BizCloud" mark; and 3) it was denied money generated by

8    CSC as a result of its business relationships with the other named defendants.  The Court questions

9    whether the allegations regarding BCI's cease and desist letters are enough to establish an

10   economic injury.  BCI has cited no authority in support of this theory, which would appear to

11   allow any plaintiff wishing to assert a UCL claim to obtain standing merely by writing a letter to

12   the defendant prior to initiating the action.  The Court need not reach this question, however,

13   because it finds that BCI's allegations regarding lost royalty payments are sufficient to meet the

14   UCL's standing requirements.

15        BCI alleges that CSC has infringed its "BizCloud" mark under the Lanham Act and CSC

16   does not challenge the sufficiency of BCI's allegations as to its trademark infringement claim.

17   Further, CSC concedes that a reasonable royalty is a measure of actual damages under the Lanham

18   Act.  *See* Reply at 8 (citations omitted).  In other words, the lost royalty payments constitute

19   money to which BCI has a cognizable claim, which is sufficient to establish standing under the

20   UCL. *See Kwikset*, 51 Cal. 4th at 323 (explaining that a UCL plaintiff may establish standing by

21   showing he or she was "deprived of money or property to which he or she has a cognizable

22   claim").   CSC's reliance on the fact that actual damages are not available as a *remedy* under

23   *Korea Supply*, *see* Reply at 8, is misplaced.  As discussed above, the types of remedies that may

24   be awarded under the UCL is a distinct inquiry from the loss of money or property that must be

25   demonstrated to establish standing.[4]

26

27   _____

28   [4] The Court need not reach BCI's argument that its allegations regarding monies generated by the business arrangement between CSC and the other named defendants are sufficient to establish standing.

United States District Court
Northern District of California

b.   Remedy Requested in Paragraph 51

In paragraph 51 of its Complaint, BCI alleges, "Defendants should be required to restore to BizCloud any and all profits earned as a result of its unlawful and fraudulent actions, or provide BizCloud with any other restitutionary relief as the Court deems appropriate."  According to BCI, its request does not run afoul of *Korea Supply* because it has alleged it owns the "BizCloud" mark and therefore it has pled facts showing it has a vested interest in CSC's profits.  However, BCI has not cited any authority in support of its theory, which is unpersuasive.  As another court faced with the same argument explained, "[t]he Complaint does not allege that Plaintiff seeks the return of any money or other property Defendants obtained from Plaintiff or in which Plaintiff had a vested interest."  *Lee Myles Associates Corp. v. Paul Rubke Enterprises, Inc*., 557 F.Supp.2d 1134, 1144 (S.D.Cal. 2008).  Rather, "[i]t alleges that Defendants unjustly earned money from their customers by unlawfully using Plaintiff's marks."  *Id*.  On that basis, the *Lee Myles* court held that disgorgement of profits allegedly earned from the infringement of the plaintiff's trademark were not available on a UCL claim.  *Id.*; *see also Academy of Motion Pictures Arts & Sciences v. The GoDaddy Group, Inc.*,  2010 U.S. Dist. LEXIS 145104, at *36 (C.D. Cal. Sept. 20, 2010) (following *Lee Myles* and reaching same conclusion). The undersigned agrees with the reasoning in *Lee Myles* and *GoDaddy* and therefore holds that to the extent BCI seeks nonrestitutionary disgorgement of CSC's profits, that remedy is not available based on the facts alleged in BCI's complaint.[5]

## III.   CONCLUSION

The Motion is GRANTED in part and DENIED in part.  The related actions shall be consolidated pursuant to Fed. R. Civ. P. 42(a).  BCI's claims for Common Law Injury to Business Reputation and Unjust Enrichment are dismissed with prejudice.  BCI's UCL claim is dismissed

---

[5] As discussed above, disgorgement of profits is a broader remedy than restitution but there may be overlap between the two remedies.  The Court's ruling does *not* preclude BCI from seeking CSC's profits where it can establish that they should be awarded as a matter of restitution.

with prejudice to the extent it seeks to recover nonrestitutionary disgorgement of profits.

**IT IS SO ORDERED.**

Dated: April 29, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge